**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2013 OCT 21 P 3: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| COSSAUNDRIA EDWARDS | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) CIVIL ACTION NO. |
| | ) |
| MONTGOMERY COUNTY BOARD | ) |
| OF EDUCATION, MARGARET ALLEN | ) JURY DEMAND |
| BARBARA THOMPSON, HEATHER | ) |
| SELLERS, W. DURDEN DEAN, | ) |
| ELEANOR DAWKINS, MARY BRIERS | ) |
| MELISSA SNOWDEN, ROBERT | ) |
| PORTERFIELD, BEVERLY ROSS, and | ) |
| VEVERLY ARRINGTON | ) |
| | |
| Defendants. | |

2:13-cv-780-MHT-SRW

## COMPLAINT

COMES NOW the Plaintiff, **COSSAUNDRIA EDWARDS** (hereinafter

**PLAINTIFF**), and makes the following Complaint.

## I.   INTRODUCTION

This is an action against for declaratory judgment, equitable relief and

money damages, instituted to secure the protection of and to redress the

deprivation of rights secured through Title VII of the Civil Rights Act of 1964 as

amended including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a; and 42

U.S.C. Section 1983 to correct unlawful employment practices on the basis of Sex

and Retaliation and pendant state law claims to make whole Plaintiff.

1

## II.   JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States and pursuant to 28 U.S.C. § 1343, 2201, 2202 and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1901, 42 U.S.C. § 2000(e), et seq.  This Court has pendant jurisdiction of the state law claims.

2. Venue is proper in that the employment practices which Plaintiff alleges to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama; the Plaintiff, and all Defendants reside in this district.

3. The Plaintiff has satisfied the exhaustion requirements of 42 U.S.C. § 2000e. Prior to the filing of this cause of action, Plaintiff sought to resolve the matter internally by contacting or having discussions with Defendant Montgomery County Board of Education (hereinafter MCBOE) former Superintendent Barbara Thompson and MCBOE Assistant Superintendent of Human Resources Veverly Arrington. When no action was taken by Defendants, Plaintiff resigned on August 14, 2012. Plaintiff filed a Charge with the U.S. Equal Employment Opportunity Commission ((hereinafter EEOC), on August 24, 2012.  The Charge alleged sexual harassment; that Plaintiff was constructively discharged and discriminated against because of her sex

(female) ; and  retaliation for protesting sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and the American Disabilities Act of 1990. See Copy of Plaintiff's Charge of Discrimination attached as **Exhibit A**.

4. Plaintiff filed her Charge of Discrimination within 180 days of the date in which she was continually sexually harassed and retaliated against.

5. Plaintiff has met all prerequisites for bringing this action, including the filing this lawsuit within 90 days of his receipt of EEOC's "Notice Of Suit Rights". Plaintiff Right To Sue letter is dated July 25, 2013. See Copy of Right To Sue Letter attached as **Exhibit B**.

### III.   PARTIES

6. Plaintiff, **COSSAUNDRIA EDWARDS** is a female over the age of nineteen (19) years, a citizen of the United States and is a resident of Montgomery County, Alabama. Plaintiff was an employee of MCBOE when the actions of which she complains took place.

7. Defendant **MONTGOMERY COUNTY BOARD OF EDUCATION** (hereinafter MCBOE) is an employer as defined under Title VII in that it employed 15 or more employees during the relevant time period. MCBOE is a political body and at all times materiel hereto operates the Montgomery County, Alabama Public Schools. The MCBOE members are sued in their individual and official capacities under which all actions complained of by the

Plaintiff were committed by the Defendants while acting under color of state law and said actions violated the rights of Plaintiff under the Fourteenth Amendment of the United States Constitution.

8. Defendant **MARGARET ALLEN** is the Acting Superintendent of MCBOE and is sued in her official and individual capacities. Margaret Allen is over the age of 19 years, a citizen of the United States and resides in Montgomery County, Alabama.

9. Defendant **BARBARA THOMPSON** is the former Superintendent of MCBOE and is sued in her official and individual capacities. Barbara Thompson is over the age of 19 years, a citizen of the United States, and resides in Montgomery County, Alabama.

10. **HEATHER SELLERS** is MCBOE District 1 Board Member and is sued in her official and individual capacities. Heather Sellers is over the age of 19 years, a citizen of the United States, and resides in Montgomery County, Alabama.

11. **W. DURDEN DEAN** is MCBOE District 2 Board Member and is sued in his official and individual capacities. W. Durden Dean is over the age of 19 years, a citizen of the United States, and resides in Montgomery County, Alabama.

12. **ELEANOR DAWKINS** is MCBOE District 3 Board Member and is sued in her official and individual capacities. Eleanor Dawkins is over the age of 19

years, a citizen of the United States, and resides in Montgomery County, Alabama.

13. **MARY BRIERS** is MCBOE District 4 Board Member and is sued in her official and individual capacities. Mary Briers is over the age of 19 years, a citizen of the United States, and resides in Montgomery County, Alabama.

14. **MELISSA SNOWDEN** is MCBOE District 5 Board Member and is sued in her official and individual capacities. Melissa Snowden is over the age of 19 years, a citizen of the United States, and resides in Montgomery County, Alabama.

15. **ROBERT PORTERFIELD** is MCBOE District 6 Board Member and is sued in his official and individual capacities. Robert Porterfield is over the age of 19 years, a citizen of the United States, and resides in Montgomery County, Alabama.

16. **BEVERLY ROSS** is MCBOE District 7 Board Member and is sued in her official and individual capacities. Beverly Ross is over the age of 19 years, a citizen of the United States, and resides in Montgomery County, Alabama.

17. **VEVERLY ARRINGTON** is the MCBOE Assistant Superintendent of Human Resources and is sued in her official and individual capacities. Veverly Arrington is over the age of 19 years, a citizen of the United States, and resides in Montgomery County, Alabama.

18. At all relevant times, Defendant MCBOE has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e – (b), (g) and (h).

### IV.   **STATEMENTS OF FACTS**

19. On December 1, 2009, Plaintiff Cossaundria Edwards was hired by MCBOE as Assistant Superintendent of Instructional Support.  In this position she was senior administrator in the Office of Curriculum and Instruction. Plaintiff was also responsible for direct services and support for three-three (33) elementary schools and eleven (11) middle schools in Montgomery County, Alabama. She became tenured on July 1, 2012.

20. In or about May, 2011, there were two positions in MCBOE entitled   Assistant Superintendent of Instructional Support. Plaintiff held one position. The other position was held by Lewis Washington Jr. See MCBOE Organizational Chart attached as **Exhibit C**.

21. In or about May, 2011, Lewis Washington began to flirt with and make unwelcomed and unlawful sexual advances towards Plaintiff Cossaundria Edwards. Lewis Washington continued to make unwelcomed and unlawful sexual advances, which later included touching, directed towards Plaintiff until

Plaintiff was forced to resign on August 14, 2012 by the continuing sexual harassment and the failure of Defendants to stop it.

22. In July, 2011, Lewis Washington recommended to Dr. Matthew Alexander, who supervised professional development for MCBOE, that he and Plaintiff attend a Model Schools Conference together. Plaintiff declined to attend the conference informing Dr. Alexander that she feared Washington's sexual advances.

23. Shortly thereafter, Plaintiff began receiving text messages on her work phone from Lewis Washington's personal cell phone. The text messages read, "I love you", "Want you", etc.

24. In or about September 2011, Lewis Washington began making personal (face-to face) sexually-related statements to Plaintiff. Lewis Washington said to Plaintiff, "when are you going to let me lick that" and "push back from the table, your hips are spreading."

25. In or about September 2011, Plaintiff and Lewis Washington and others attended a mandatory Senior Cabinet meeting facilitated by MCBOE Superintendent Barbara Thompson. After the meeting, Lewis Washington got on the elevator with Plaintiff. While they were on the elevator alone, Lewis Washington positioned himself front-to-front with Plaintiff with his body

touching her body. Plaintiff told Washington to "get back on your side of the elevator."

26. In or about September, 2011, after the next Senior Cabinet meeting following the meeting in the paragraph above, Plaintiff took the stairs while Lewis Wessington took the elevator. Before Plaintiff could make it up the stairs to her floor, Lewis Washington had gotten off the elevator, had opened the door to the stairwell, and was approaching Plaintiff. Plaintiff told Washington "don't start that shit or I'm going to scream."

27. Thereafter, Plaintiff later confronted Lewis Washington about his unwelcomed and unlawful sexual advances and touching directed towards her and asked him to "stop." Plaintiff told Washington that if he did not stop, she would tell his wife, and also report it the MCBOE Human Resources Department. Lewis Washington responded by making jokes and laughing.

28. On or about October 7, 2011, Plaintiff attended another Senior Cabinet meeting but this time Lewis Washington was not present. After the meeting, Plaintiff approached MCBOE Superintendent Barbara Thompson and told her that Plaintiff was being sexually harassed by Lewis Washington. Superintendent Thompson responded that Thompson would send MCBOE Assistant Superintendent of Operation Donald Dotson to talk with Plaintiff about her complaint against Washington.

29. On or about October 12, 2011,  MCBOE Assistant Superintendent of Operations Donald Dotson spoke with Plaintiff about her complaint against Lewis Washington.  After Plaintiff related her complaints against Washington to him, Dodson responded "I think it's just a relationship gone bad."

30. No further action was taken by MCBOE or MCBOE supervisors to stop the sexual harassment against Plaintiff by Lewis Washington at that time even though MCBE Policy required action on a sexual harassment complaint within five (5) working days. Plaintiff has never received a written response from MCBOE regarding the results of the sexual harassment investigation of Lewis Washington or a determination of the validity of her sexual harassment complaint against Lewis Washington as required by MCBOE Policy.

31. The MCBOE Sexual Harassment Policy states in part as follows:

> All complaints will be handled in a timely and confidential manner. Supervisors who receive complaints must confer with the Manager of Human Resources before investigating the complaint or taking corrective action. The Manager of Human Resources will investigate or oversee the investigation of all sexual harassment complaints. No information concerning the complaint will be released to third persons or to anyone within the school system except those having a "need to know" the information. Within five working days after receiving the

9

complaint, a determination will be made as the validity. The

complainant will be notified in writing by the Manager of Human

Resources of the results of any investigation and of any determination

made as to the validity of the complaint. If the investigation reveals

that the complaint is valid, it will be forwarded to the Superintendent

for an appropriate remedy or sanction.

MCBOE Sexual Harassment Policy page 3. See Copy   attached as

**Exhibit D**.

32. In or about February through June 2012, Lewis Washington continued to make

unwelcomed and unlawful sexual advances towards Plaintiff in text messages,

including telling her that he was upset with her.

33. In or about July 10, 2012, Plaintiff was instructed by Veverly Arrington,

MCBOE Assistant Superintendent of Human Resources, to go and speak with

MCBOE attorneys at Hill & Carter to see if the school board was liable

concerning the sexual harassment allegations against Lewis Washington.

34. In or about July 30, 2012, Plaintiff was questioned for three and one-half (3 ½)

hours by attorneys for MCBOE at Hill & Carter about her allegations of sexual

harassment against Lewis Washington.

35. On July 30, 2013 mentally and emotionally overwhelmed due to the sexually

harassment and hostile work environment, Plaintiff was admitted into the

Jackson Hospital PACT program, a psychiatric program, on the referral of her primary care physician Dr. Malcolm Roebuck. Plaintiff was placed on antidepressants and stayed in the hospital four (4) days. Plaintiff left the hospital without being released fearing loss of her job, and went back to work.

36. On or about August 6, 2012, MCBOE Assistant Superintendent of Operations Donald Dotson came into Plaintiff's office and again repeated, "I think it's just a relationship gone bad.

37. Plaintiff was never involved in any kind of sexual or romantic relationship with Lewis Washington. All of Lewis Washington's sexual advances towards Plaintiff were unwelcomed and unlawful.

38. On or about August 13, 2012, Plaintiff was called into a meeting with MCBOE Superintendent Barbara Thompson and MCBOE Assistant Superintendent of Human Resources Veverly Arrington. Plaintiff was informed that she was being transferred to Federal Programs, a lower job position with less authority under Edwards's supervision as Assistant Superintendent of Instructional Support, without loss of pay.  See MCBOE Organizational Chart attached as **Exhibit C**. Plaintiff objected inquiring why Lewis Washington could not be moved instead. Arrington replied, "we can't just move him out of his office right now."

39. On August 14, 2012, Plaintiff submitted her letter of resignation, effective September 28, 2012. Also on or about August 14, 2012, at a Board meeting, the MCBOE accepted Plaintiff's resignation without having taken any action against Lewis Washington even though the Superintendent and the Board were aware of the sexual harassment allegations made by Plaintiff against Lewis Washington.

40. On August 15, 2012, MCBOE Superintendent Barbara Thompson in an email message advised Plaintiff that the sexual harassment investigation against Lewis Washington was still in progress even though MCBOE Policy states that a determination of the validity of Plaintiff's complaint should have been made and sent to Plaintiff within five (5) days of Plaintiff's complaint to Thompson on October 7, 2011.

41. On or about September, 25 2012, MCBOE Superintendent Barbara Thompson recommended to the MCBOE the termination of Assistant Superintendent Lewis Washington on allegations of sexual harassment and ethics violations. The charge letter was publicly released and published by MCBOE and is still posted on-line in violation of the MCBOE Sexual Harassment Policy.

42. The September 25, 2012 charge letter to Lewis Washington states in part as follows:

During the 2011-2012 school years, you were accused of sexually harassing a co-worker. The co-worker ultimately resigned her position and filed an EEOC charge against the district related to your conduct.

You sent text messages to the co-worker which read, "I love u", that you were "Home Wanting", "I think you miss me W," and others. You provided false information during the course of the sexual harassment investigation, specifically that you never sent the co-worker "romantic "text messages or asked her to engage in a romantic or sexual relationship."

Charge Letter page 1. See Copy of Charge Letter attached as **Exhibit E**.

43. On or about September 25, 2012 the MCBOE voted 4-2 to terminate Lewis Washington after a two- day hearing in which Plaintiff testified.

44. In lieu of termination on September 25, 2012 Lewis Washington was allowed to submit a letter of resignation which was accepted by MCBE. Washington was allowed to resign with benefits.

## V.   FEDERAL CLAIMS

### COUNT ONE

### SEXUAL HARASSMENT

45. Plaintiff repeats, repleads and adopts by reference paragraphs 1 through 44, above, as if set out in full herein.

46. MCBOE Assistant Superintendent for Instructional Support Lewis Washington subjected Plaintiff to unwelcomed and unlawful sexual advances and touching.

47. Defendants knew or should have known about the sexual harassment of Plaintiff by Lewis Washington and failed to take prompt and adequate remedial steps to stop it.

48. Defendants failed to adequately and timely supervise, control, discipline and/or otherwise penalize the conduct of Lewis Washington and the acts, delay, and failure to act of other supervisors in response to the complaints made by Plaintiff.

49. Defendants failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and  to promptly and timely investigate and make  timely determinations of the validity of complaints of sexual harassment in the workplace as required by MCBOE Policy

50. Defendants discriminated against Plaintiff when they took no action against Lewis Washington until almost a year after Plaintiff complained to them about Lewis Washington's unwelcomed and  unlawful sexual advances and touching ; and then only after Plaintiff was forced to resign because of the sexual harassment and hostile work environment.

51. Defendants discriminated against Plaintiff by informing her that she was being transferred or moved against her will to the Office of Federal Programs, a

position of less supervisory authority and responsibility than the one held by Plaintiff, while at the same time taking no action against Lewis Washington.

52. Defendants discriminated against Plaintiffs and ratified the unwelcomed and unlawful acts against Plaintiff when on or about August 14, 2012, at a Board meeting, the MCBOE accepted Plaintiff's resignation without having taken any action against Lewis Washington even though the Superintendent and the Board were aware of the sexual harassment allegations made by Plaintiff against Lewis Washington.

53. Defendants discriminated against Plaintiff and ratified Lewis Washington's unwelcomed and unlawful acts against Plaintiff by failing to take action against Washington until after Plaintiff's resignation on and by allowing Lewis Washington to resign with benefits rather than be terminated for sexual harassment of Plaintiff.

54. Said sexual discrimination was done intentionally, maliciously, willfully, and with reckless disregard for the rights of Plaintiff. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to alter the terms and conditions of employment and unreasonably interfere with Plaintiff's physical and emotional health so as to create an intimidating, hostile, and offensive work environment in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C 2000e et. seq. as amended.

55. As a result of the hostile work environment, sexual harassment, retaliation and the continuing physical and mental anguish caused thereby, Plaintiff was constructively discharged and forced to resign her position on August 14, 2012.

56. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory damages, and punitive damages is the only means of securing adequate relief.

57. Defendants' discriminatory conduct proximately caused Plaintiff to be injured and damaged; to have her career significantly and adversely impacted; to forego compensation and benefits; to suffer loss of income; and to suffer loss of employment, humiliation, embarrassment, mental anguish, physical anguish, and emotional distress; and to incur personal injury resulting in medical treatment as well as out of pocket losses for payment of medical bills, pain and suffering and mental distress.

## COUNT TWO

## SEX DISCRIMINATION

58. Plaintiff repeats, repleads, and adopts by reference paragraphs 1 through 53 above, as if set out in full herein.

16

59. Defendants, and their agents and employees, discriminated against Plaintiff in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, U.S.C. Section 2000e et. seq as amended.

60. Defendants failed to adequately and timely supervise, control, discipline and/or otherwise penalize the conduct of Lewis Washington and the acts, delay, and failure to act of other supervisors in response to the complaints made by Plaintiff.

61. Defendants failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and to promptly and timely investigate and make timely determinations of the validity of complaints of sexual harassment in the workplace as required by MCBOE Policy.

62. Defendants discriminated against Plaintiffs and ratified the unwelcomed and unlawful acts against Plaintiff when on or about August 14, 2012, at a Board meeting, the MCBOE accepted Plaintiff's resignation without having taken any action against Lewis Washington even though the Superintendent and the Board were aware of the sexual harassment allegations made by Plaintiff against Lewis Washington.

63. Defendants ratified Lewis Washington's unwelcomed and unlawful acts against Plaintiff by failing to take action against Washington until after

Plaintiff's resignation on and by allowing Lewis Washington to resign with benefits rather than be terminated for sexual harassment of Plaintiff.

64. Said sexual discrimination was done intentionally, maliciously, willfully, and with reckless disregard for the rights of Plaintiff. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to alter the terms and conditions of employment and unreasonably interfere with Plaintiff's physical and emotional health so as to create an intimidating, hostile, and offensive work environment in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C 2000e et. seq. as amended.

65. As a result of the hostile work environment, sexual harassment, retaliation and the continuing physical and mental anguish caused thereby, Plaintiff was constructively discharged and forced to resign her position on August 14, 2012.

66. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory damages, and punitive damages is her only means of securing adequate relief.

67. Defendants' discriminatory conduct proximately caused Plaintiff to be injured and damaged; to have her career significantly and adversely impacted; to forego compensation and benefits; to suffer loss of income; and to suffer loss of employment, humiliation, embarrassment, mental anguish, physical anguish,

and emotional distress; and to incur personal injury resulting in medical treatment as well as out of pocket losses for payment of medical bills, pain and suffering and mental distress.

## COUNT THREE

## RETALIATION

68. Plaintiff repeats, repleads, and adopts by reference paragraphs 1 through 53 above, as if set out in full herein.

69. This Count is brought against Defendant MCBOE and Defendants Margaret Allen, Barbara Thompson and Veverly Arrington in their official capacity for retaliation in violation of the Civil Rights Acts of 1964, 42 U.SC. 2000e et. seq. as amended.

70. Plaintiff engaged in protected activity by opposing discrimination and sexual harassment by Lewis Washington when she reported the unwelcomed and unlawful sexual advances and touching by MCBOE Assistant Superintendent for Instructional Support Lewis Washington to Defendant former MCBOE Superintendent Barbara Thompson and Defendant MCBOE Manager of Human Resources Beverly Arrington.

71. Defendant MCBOE former Superintendent Barbara Thompson and MCBOE Assistant Superintendent of Human Resources Veverly Arrington retaliated against Plaintiff by intentionally telling Plaintiff that she was being transferred

against her will to the Office of Federal Programs, a position with less supervisory authority and responsibility than the one she held and as the same time informing Plaintiff that no action was being taken against Lewis Washington.

72. Defendants discriminated against Plaintiffs and ratified the unwelcomed and unlawful acts against Plaintiff when on or about August 14, 2012, at a Board meeting, the MCBOE accepted Plaintiff's resignation upon their recommendation without having taken any action against Lewis Washington even though the Superintendent and the Board were aware of the sexual harassment allegations made by Plaintiff against Lewis Washington.

73. Defendants ratified Lewis Washington's unwelcomed and unlawful acts against Plaintiff by failing to take action against Washington until after Plaintiff's resignation on and by allowing Lewis Washington to resign with benefits rather than be terminated for sexual harassment of Plaintiff.

74. Said sexual discrimination was done intentionally, maliciously, willfully, and with reckless disregard for the rights of Plaintiff. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to alter the terms and conditions of employment and unreasonably interfere with Plaintiff's physical and emotional health so as to create an intimidating, hostile, and

offensive work environment in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C 2000e et. seq. as amended.

75. As a result of the hostile work environment, sexual harassment, retaliation and the continuing physical and mental anguish caused thereby, Plaintiff was constructively discharged and forced to resign her position on August 14, 2012.

76. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory damages, and punitive damages is her only means of securing adequate relief.

77. Defendants' retaliatory conduct proximately caused Plaintiff to be injured and damaged; to have her career significantly and adversely impacted; to forego compensation and benefits; to suffer loss of income; and to suffer loss of employment, humiliation, embarrassment, mental anguish, physical anguish, and emotional distress; and to incur personal injury resulting in medical treatment as well as out of pocket losses for payment of medical bills, pain and suffering and mental distress.

## COUNT FOUR

## DELIBERATE INDIFFERENCE SECTION 1983

78. Plaintiff repeats, repleads, and adopts by reference paragraphs 1 through 53 above, as if set out in full herein.

79. This Count is brought against individual Defendants in their official and individual capacity.

80. Defendants Barbara Thompson and Veverly Arrington acted with deliberate indifference to the discriminatory acts of Lewis Washington and the rights of Plaintiffs while those discriminatory acts continued for nearly a year when they failed to follow MCBOE's own sexual harassment policy by failing to make a determination of the validity of the report of sexual harassment made to Thompson by Plaintiff on October 7, 2011 within five working days of the report and issue a written determination letter to Plaintiff and take action to stop the unlawful acts.

81. Defendants Barbara Thompson and Veverly Arrington acted with deliberate indifference to the discriminatory acts of Lewis Washington and the rights of Plaintiff when they took no action against Lewis Washington until almost a year after Plaintiff complained to them about Lewis Washington's unwelcomed and unlawful sexual advances and touching while those sexual advances continued; and then began termination proceeding against Washington only after Plaintiff was forced to resign because of the sexual harassment and hostile work environment.

82. Defendants Barbara Thompson and Veverly Arrington acted with deliberate indifference to the discriminatory acts of Lewis Washington and the rights of

Plaintiff when they informed her that she was being transferred or moved against Plaintiff's will to the Office of Federal Programs, a position of less supervisory authority and responsibility than the one held by Plaintiff, while at the same time taking no action against Lewis Washington while the discriminatory acts of Washington against Plaintiff continued.

83. Defendants acted with deliberate indifference to the discriminatory acts of Lewis Washington and the rights of Plaintiff when they discriminated against Plaintiff and ratified the unwelcomed and unlawful acts against Plaintiff when on or about August 14, 2012, at a Board meeting, the MCBOE accepted Plaintiff's resignation without having taken any action against Lewis Washington even though the Superintendent and the Board were aware of the sexual harassment allegations made by Plaintiff against Lewis Washington.

84. Defendants acted with deliberate indifference to the discriminatory acts of Lewis Washington and the rights of Plaintiff when they ratified Lewis Washington's unwelcomed and unlawful acts against Plaintiff by failing to take action against Washington until after Plaintiff's resignation on and by allowing Lewis Washington to resign with benefits rather than be terminated for sexual harassment of Plaintiff.

85. Said deliberate indifference was done intentionally, maliciously, willfully, and with reckless disregard for the rights of Plaintiff. This deliberate indifferent

conduct and sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to alter the terms and conditions of employment and unreasonably interfere with Plaintiff's physical and emotional health so as to create an intimidating, hostile, and offensive work environment in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C 2000e et. seq. as amended.

86. As a result of the hostile work environment, sexual harassment, retaliation and the continuing physical and mental anguish caused thereby, Plaintiff was constructively discharged and forced to resign her position on August 14, 2012.

87. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory damages, and punitive damages is her only means of securing adequate relief.

88. Defendants' deliberately indifferent conduct proximately caused Plaintiff to be injured and damaged; to have her career significantly and adversely impacted; to forego compensation and benefits; to suffer loss of income; and to suffer loss of employment, humiliation, embarrassment, mental anguish, emotional distress; and to incur personal injury resulting in medical treatment as well as out of pocket losses for payment of medical bills, pain and suffering and mental distress.

## VI.   PENDENT STATE LAW CLAIMS

### COUNT FIVE

### NEGLIGENCE

89. Plaintiff repeats, repleads, and adopts by reference paragraphs 1 through 53 above, as if set out in full herein.

90. This Count is brought against individual Defendants in their official and individual capacity.

91. The Defendants had a duty to follow the law and the MCBOE Sexual harassment policy to protect Plaintiff by promptly and timely investigating and taking action on Plaintiff's complaint of sexual harassment by Lewis Washington.

92.   Defendants negligently breached their duty to protect Plaintiff by failing to proximately and timely investigate, make a timely determination of the validity of the complaint of sexual harassment, timely inform Plaintiff of the result of the determination of the validity of the investigation and the determination of the validity of the complaint, and take action on Plaintiff's complaint of sexual harassment by Lewis Washington as required by MCBOE Policy.

93. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs herein and this suit for backpay, declaratory judgment, injunctive relief,

compensatory damages, and punitive damages is her only means of securing adequate relief.

94.    As a proximate cause of the Defendants breach of duty and negligent conduct, Plaintiff was proximately caused to be injured and damaged; to have her career significantly and adversely impacted; to forego compensation and benefits; to suffer loss of income; to suffer loss of employment, humiliation, embarrassment, mental anguish, emotional distress; and to incur personal injury resulting in medical treatment as well as out of pocket losses for payment of medical bills, pain and suffering and mental distress.

## COUNT SIX

## WANTONNESS

95. Plaintiff repeats, repleads, and adopts by reference paragraphs 1 through 53 above, as if set out in full herein.

96. This Count is brought against individual Defendants in their official and individual capacity.

97. The Defendants had a duty to follow the law and the MCBOE Sexual harassment policy to protect Plaintiff by promptly and timely investigating and taking action on Plaintiff's Complaint of sexual harassment by Lewis Washington.

98.  Defendants willfully and wantonly breached their duty to protect Plaintiff by failing to proximately and timely investigate and take action on Plaintiff's complaint of sexual harassment by Lewis Washington.

99. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory damages, and punitive damages is her only means of securing adequate relief.

100.  As a proximate cause of the Defendants breach of duty and willful wanton conduct,  Plaintiff was proximately caused to be injured and damaged; to have her career significantly and adversely impacted; to forego compensation and benefits;  to suffer loss of income; to suffer loss of employment, humiliation, embarrassment, mental anguish, emotional distress; and to incur personal injury resulting in medical treatment as well as out of pocket losses for payment of medical bills, pain and suffering and mental distress.

## VII.  PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for relief as follows that the Court:

(a) Enter Judgment that the Defendants have violated her Federal constitutional rights in discriminating and retaliating against her.

(b) Award Plaintiff her costs, including reasonable attorney's fees.

(c) Award Plaintiff front pay or reinstatement;

(d) Award Plaintiff damages, both compensatory and punitive under the laws of the State of Alabama and the United States of America;

(e) Issue a declaratory judgment that the employment policies, practices, procedures, condition and customs of Defendants violate the law and rights of Plaintiff:

(f) Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successor, employees, attorneys, and those acing in concert with Defendants and at Defendants' request from continuing to violate the law and rights of Plaintiff;

(g) Award Plaintiff such other and further relief, which this Court deems appropriate under the circumstances.

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

James E. Long (LON-016)
Attorney for Plaintiff
James E. Long
Attorney At Law
1015 S McDonough Street
Montgomery, AL 36104
Phone: (334) 262-7850
Email: jameslong4006@gmail.com

## SERVICE ADDRESSES FOR DEFENDANTS

MONTGOMERY COUNTY BOARD
OF EDUCATION

MARGARET ALLEN

BARBARA THOMPSON

HEATHER SELLERS

W. DURDEN DEAN

ELEANOR DAWKINS

MARY BRIERS

MELISSA SNOWDEN

ROBERT PORTERFIELD

BEVERLY ROSS

VEVERLY ARRINGTON


All Defendants may be served at the following address:

Montgomery Public Schools
307 S. Decatur Street
Montgomery, AL  36104